# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JANE DOE NO. 68 and MOTHER DOE,**

         **Plaintiffs,**

**v.**                                       **Case No:   6:17-cv-1135-Orl-41KRS**

**THE SCHOOL BOARD OF ORANGE**
**COUNTY, FLORIDA,**

         **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S AMENDED MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES (Doc. No. 25)** |
| **FILED:** | **August 17, 2017** |

## I.    BACKGROUND.

Plaintiffs Jane Doe No. 68 and Mother Doe filed this action against Defendant, The School Board of Orange County, asserting claims for violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1861 *et seq.*, negligence, and loss of consortium[1] arising out of sexual abuse Jane Doe alleges she suffered at the hands of a teacher when she was a third grader at Apopka Elementary School.   Doc. No. 2.   Plaintiffs allege that the school's principal had actual notice that

---

[1] Mother Doe also asserted a claim for punitive damages.   Doc. No. 2, at 14-15.   The Court dismissed that claim with prejudice on July 26, 2017.   Doc. No. 19.

the teacher, Donald Sharp, posed a substantial risk of sexually abusing students prior to his sexual abuse of Jane Doe.   Upon receiving complaints about Sharp's conduct, the principal investigated the complaints and issued a reprimand to Sharp but allowed him to continue teaching, after which his sexual abuse of Jane Doe continued.   Plaintiffs base their Title IX and negligence claims upon the school's deliberate indifference to Sharp's conduct and Defendant's failure to properly investigate, supervise and protect students in response to actual notice of Sharp's conduct. Defendant subsequently filed an Answer to the amended complaint[2] and, therein, asserted seventeen affirmative defenses.   Doc. No. 7.   Plaintiffs move to strike fourteen of these defenses.[3]   Doc. No. 25.   Defendant opposes the motion.   Doc. No. 26.

## II.    LEGAL STANDARD.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   A motion to strike is a drastic remedy generally disfavored by the courts, and will ordinarily only be granted if the material sought to be stricken is insufficient as a matter of law.   *Arthurs v. Global TPA LLC*, No. 6:14-cv-1209-Orl-40TBS, 2015 U.S. Dist. LEXIS 14471, at *3 (M.D. Fla. Feb. 6, 2015).   "For a court to find a defense insufficient as a matter of law, the defense must be (1) patently frivolous on the face of the pleadings, or (2) clearly invalid as a matter of law."   *Wlodynski v. Ryland Homes of Fla. Realty Corp.*, No. 8:08-cv-361-T-JDW-MAP, 2008 WL 2783148, at *1 (M.D. Fla. July 17, 2008) (internal citations and quotations omitted).

---

[2] This action was originally filed in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida and removed to this Court by Defendant.   The amended complaint in the underlying action was the operative complaint at the time of removal and remains the operative complaint.

[3] Plaintiffs do not raise any objection to Defendant's Sixth, Eleventh or Twelfth Affirmative Defenses.

Motions to strike affirmative defenses are disfavored, and a court should only strike a pleading if the matter sought to be stricken has no possible relationship to the controversy, may confuse the issues, or otherwise will prejudice a party. *Id.* "An affirmative defense should survive if it comports with Rule 8(c)'s purpose—'guarantee[ing] that the opposing party has notice of any additional issue that may be raised at trial.'" *Hernandez-Hernandez v. Hendrix Produce, Inc.*, No. 6:13-cv-53, 2014 WL 726426, at *3 (S.D. Ga. Feb. 24, 2014) (alteration in original) (quoting *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)). Even deficient defenses, to the extent that they raise relevant and substantial legal and factual questions, may survive a motion to strike. *Muschong v. Millennium Physician Group, LLC*, No. 2:13–cv–705–FtM–38CM, 2014 WL 1268574, *1 (M.D. Fla. Mar. 25, 2014).

## III.    DISCUSSION.

Plaintiffs first contend that Defendant's Second, Third, Seventh, Eighth, Fifteenth, and Sixteenth Affirmative Defenses are deficient because they are addressed to Plaintiffs' claims generally and do not identify to which specific claim each defense is raised. Plaintiffs argues that although Jane Doe's Title IX and negligence claims are based upon the same acts and conduct, each of the claims has different elements and different applicable statutes of limitation, thus requiring specificity from Defendant as to which claim each defense is directed.

Generally, to give fair notice of a defense, a party should identify the claim to which the defense applies. *See, e.g., Byrne v. Nezhat*, 261 F.3d 1075, 1129–30 (11th Cir. 2001) (criticizing "shotgun" pleading of affirmative defenses that do not specify the claim to which the defense is directed), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). However, a defendant's failure to specify to which count of the complaint each affirmative defense pertains, does not justify striking defenses where, as here, the plaintiffs' causes of action

are interrelated and premised upon the same sequence of facts and events. *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 672–73 (S.D. Fla. 2013) (declining to strike affirmative defenses for failure to identify the counts each affirmative defense targeted when plaintiff pleaded four different causes of action based on a unitary sequence of events).   Plaintiffs allege only three causes of action, and acknowledge that their claims arise out of the same set of facts.   It is unlikely that they will "be prejudiced by being required to consider how the affirmative defenses pertain to each of these few theories" or that "[d]iscovery in this matter will [] be unduly complicated by the development of the factual underpinnings of each affirmative defense in relation to this sequence of events." *Id.*   Accordingly, I recommend that the motion to strike these affirmative defenses on this basis be **DENIED**.

Plaintiffs next argue that Defendant's First Affirmative Defense, which asserts that Plaintiffs have failed to state a claim for which relief can be granted, is insufficient and is merely a denial rather than a defense.   However, when a party incorrectly labels a denial as an affirmative defense, the proper remedy is not to strike the claim, but rather to treat it as a denial.   *Hansen v. ABC Liquors, Inc.*, No. 3:09-cv-966-J-34MCR, 2009 WL 3790447, at * 2 (M.D. Fla. Nov. 9, 2009).   Moreover, "a statement that 'This claim is barred by the statute of limitations,' gives fair notice of the defense and meets Rule 8 pleading requirements." *Larson v. Correct Craft, Inc.*, No. 6:05-cv-686-Orl-31JGG, 2005 WL 1902438, at *2 (M.D. Fla. Aug. 8, 2005).   I therefore recommend that the motion to strike the First Affirmative Defense be **DENIED**.

Plaintiffs contend that Defendant's Fourth, Fifth, Tenth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, and Seventeenth Affirmative Defenses are conclusory statements that fail to allege any supporting facts.   Federal Rule of Civil Procedure 8(b) requires only that a party "state in short and plain terms its defense to each claim asserted against it."   Therefore, so long as Plaintiffs are given

fair notice of the defense asserted, the affirmative defense need not be supported by detailed factual allegations.   *See Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-cv-1576-Orl-37TBS, 2013 WL 5970721, at * 3 (M.D. Fla. Nov. 8, 2013).   Each of these affirmative defenses gives Plaintiffs fair notice of Defendant's defenses.   Therefore, I recommend that the motion to strike these affirmative defenses on this basis be **DENIED**.

Defendant's Fifteenth Affirmative Defense asserts that Plaintiffs' claims are barred in whole or in part by the applicable statute of limitation.   Plaintiffs contend that this defense fails to specify the applicable statute of limitation for each count.   However, the failure to identify which count of the amended complaint is subject to which statute of limitation is not a basis for striking a defense. *Rosada v. John Wieland Homes & Neighborhoods, Inc.*, No. 3:09-cv-653-J-20MCR, 2010 WL 1249841, at *2 (M.D. Fla. Mar. 25, 2010) (refusing to strike affirmative defense on this basis). Accordingly, I recommend that the motion to strike this defense be **DENIED**.

In its Seventh Affirmative Defense, Defendant asserts that that Plaintiffs' claims are barred pursuant to all immunities under Florida Statute § 768.28.   In its Eighth Affirmative Defense, Defendant asserts that Plaintiffs' claims in this matter are subject to the notice and service of process requirements of § 768.28 and are further bound by Florida sovereign immunity doctrine.   Plaintiffs allege that these defenses provide no facts to indicate why the School Board would be entitled to the immunity benefits of a state agency.   The notice-of-claim provision in § 768.28 applies solely to state law tort claims.   *Schaeffer v. Sch. Bd. of Broward Cty.*, Fla., 69 F. Supp. 3d 1327, 1330 (S.D. Fla. 2014).   Plaintiffs are correct that § 768.28 does not apply to their Title IX claim, but it does apply to their state law negligence claim.   The Seventh and Eighth Defenses are thus sufficient to give Plaintiffs notice of the nature of Defendant's defenses.   I therefore recommend that the motion to strike these defenses be **DENIED**.

In its Second Affirmative Defense, Defendant states that that it is immune under § 768.28 to any conduct of its agents or employees which was done in willful and wanton disregard of human life, was performed in bad faith and outside the course and scope of the employee's position, and/or is self-serving in nature.   Plaintiffs argue that this defense is not applicable to their claims because they are not alleging that Defendant is liable for Sharp's misconduct, which was clearly outside the scope of his employment, but rather that Defendant is liable for failing to properly investigate and take reasonable steps upon learning of Sharp's sexual abuse of students.

Contrary to Plaintiffs' argument, this defense is sufficient as a matter of law.   By their own admission, Plaintiffs do not seek to hold Defendant responsible for Sharp's conduct under the theory of respondeat superior, in which an employer faces liability for acts committed within the course or scope of an employee's employment.   Instead, they allege that Defendant was negligent in hiring, retaining, and supervising Sharp.   Doc. No. 2 ¶¶ 36-50.   Under Florida law, the tort of negligent hiring or retention "allows for recovery against an employer for acts of an employee committed outside the scope and course of employment."   *Garcia v. Duffy*, 492 So.2d 435, 438 (Fla. 2d Dist. Ct. App. 1986).   However, § 768.28(9)(a) provides that the "state or its subdivisions shall not be liable in tort for the acts or omissions of an . . . employee . . . committed while acting outside the course and scope of her or his employment . . . ."   The Second Affirmative Defense asserts the immunity granted by § 768.28.   Because this appears to be a valid defense, I recommend that the motion to strike it be **DENIED**.

By contrast, in its Ninth Affirmative Defense, Defendant asserts that because Sharp's conduct was outside the scope of his responsibilities and duties, his conduct is insufficient to impose vicarious liability on Defendant.   While this is a correct statement of law, it is inapplicable in this case because the amended complaint does not allege that Defendant is vicariously liable for Sharp's

conduct.  *See Silcox v. Hunter*, No. 3:16-cv-1509-J-32MCR, 2017 WL 1213431, at *2 (M.D. Fla. Apr. 3, 2017) (striking affirmative defense that plaintiff failed to comply with pre-suit requirements of Florida's medical malpractice statute when plaintiff did not assert a claim for medical negligence); *Nobles v. Convergent Healthcare Recoveries, Inc.*, No. 8:15–cv–1745–T–30MAP, 2015 WL 5098877, at *3 (M.D. Fla. Aug. 31, 2015) (striking defendant's affirmative defense to a potential Fair Credit Reporting Act claim where the complaint did not alleges a violation of the FCRA).  I therefore recommend that the motion to strike this defense be **GRANTED**, but with leave for Defendant to assert this defense at a later time, should Plaintiffs amend the complaint to allege a vicarious liability claim.

In its Third Affirmative Defense, Defendant asserts that it acted reasonably and in good faith towards Plaintiffs at all times.   Plaintiffs contend that this is not the applicable standard for either the negligence or Title IX count, and furthermore, this is merely a denial, not an affirmative defense. I agree that this statement is a denial rather than an affirmative defense, and should be treated as such.  *See Hansen*, 2009 WL 3790447, at * 2 (denials should not be stricken, but treated as denials). Accordingly, I recommend that the motion to strike this defense be **DENIED**.

In its Sixteenth Affirmative Defense, Defendant states that it did not "engage in affirmative conduct to place Jane Doe in danger."   Plaintiffs contend that lack of "affirmative conduct" is not a defense because both a negligence claim and a Title IX claim can be predicated upon an omission. Plaintiffs are correct.   A claim for negligence "is sufficient if it alleges an act or omission causing the injury and further alleges that such act or omission was negligently done or omitted to be done." *Kasanof v. Embry-Riddle Co.*, 26 So. 2d 889, 891 (Fla. 1946).   Title IX liability arises where "an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately indifferent to, the teacher's misconduct."

*Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 277 (1998).   Because no affirmative conduct is required to prove either claim, a defense disclaiming such conduct is insufficient as a matter of law.   I therefore recommend that the motion to strike the Sixteenth Affirmative Defense be **GRANTED**.

Finally, in its Seventeenth Affirmative Defense, Defendant asserts that at all times, it acted reasonably and with a good faith belief that its actions were lawful.   Plaintiffs challenge this defense in their motion, but do not state the basis for their objection to it.   In any event, "[a]lthough the defense lacks factual detail, it puts Plaintiff[s] on notice that Defendant will be raising the issue of its good faith belief that its actions were lawful."   *Doe v. G-Star Sch. of the Arts, Inc.*, No. 16-cv-80446, 2016 WL 4625625, at *7 (S.D. Fla. Sept. 6, 2016) (refusing to strike identical defense in a case alleging violations of Title IX).   Moreover, "to the extent that this defense merely denies Plaintiff[s'] allegations, the proper remedy is for the Court to treat it as a specific denial, not to strike it."   *Id.*   Accordingly, I recommend that the motion to strike the Seventeenth Affirmative Defense be **DENIED**.

## IV.    RECOMMENDATION.

For all the foregoing reasons, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1. **DENY** Plaintiffs' Motion to Strike Defendant's Affirmative Defenses (Doc. No. 18) with respect to the First, Second, Third, Fourth, Fifth, Seventh, Eighth, Tenth, Thirteenth, Fourteenth, Fifteenth, and Seventeenth Affirmative Defenses;

2. **GRANT** Plaintiffs' Motion to Strike Defendant's Affirmative Defenses (Doc. No. 18) with respect to the Ninth and Sixteenth Affirmative Defenses;

3.  **STRIKE** the Ninth and Sixteenth Affirmative Defenses.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 21, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties

- 9 -