**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JANE DOE NO. 68, by and through MOTHER DOE, as her parent and natural guardian, and MOTHER DOE, individually,

    Plaintiffs,

vs.

THE SCHOOL BOARD OF ORANGE COUNTY, FLORIDA,

    Defendant.
_____/

CASE NO: 6:17-cv-01135-Orl-41KRS

**DEFENDANT'S MOTION IN LIMINE**

Defendant ORANGE COUNTY SCHOOL BOARD ("School Board"), by and through undersigned counsel, hereby files this Motion in Limine, seeking an Order instructing counsel for Plaintiffs, and through such counsel, any and all witnesses to refrain from making mention by statements or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters set forth herein. As grounds therefore, the School Board would show unto the Court that the matter set forth below would be inadmissible for any purpose on proper and timely objection and that they have no bearing on the issues in this cause or the rights of the parties to this suit:

1. Arguments or evidence regarding Donald Sharp's guilty plea in 2017 or which would constitute a re-prosecution of Donald Sharp for the alleged sexual abuse of Plaintiff Jane Doe 68.

2. Arguments, evidence, or opinions regarding the "Me Too" movement, the current political and media culture regarding sexual harassment and assault, and/or key players associated with these topics.

Permitting comments to jurors or prospective jurors, interrogation of witnesses or offers of evidence concerning these matters would prejudice the jury and sustaining objections to such questions, comments or offers could not cure such prejudice, but would rather reinforce the impact of such prejudicial matters on the jurors.

## MEMORANDUM OF LAW

Only relevant evidence is admissible at trial. Fed. R. Evid. 402. If relevant, evidence may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

It is well established that this Court has broad authority to control the admission of evidence during trial. Thus, the decision whether to grant or deny a motion in limine is well within the discretion of the trial court. *Jones v. Automobile Ins. Co. of Hartford, Connecticut*, 917 F. 2d 1528, 1537 (11th Cir. 1990) (affirming trial court's decision that evidence is unduly prejudicial and inadmissible). "Evidentiary rulings and the entry of a protective order are likewise subject to review for abuse of discretion." *Chrysler International Corp. v. Chemaly*, 280 F. 3d 1358, 1362–1363 (11th Cir. 2002); *see also* Fed. R. Evid. 104. Error is created when admission of evidence affects a substantial right of the party. Fed. R. Evid. 103(a).

**I.     Plaintiffs should be precluded from offering any argument or evidence regarding Donald Sharp's guilty plea in 2017 or which would constitute a re-prosecution of Donald Sharp for the alleged sexual abuse of Plaintiff Jane Doe 68.**

Throughout discovery, Plaintiffs' counsel often probed into the details of Donald Sharp's alleged sexual abuse of Plaintiff Jane Doe during the relevant 2008/2009 timeframe, and

essentially re-prosecuted him for the same during his deposition.[1] However, these matters are irrelevant to the case. This case is not about what did or did not happen between Donald Sharp and Jane Doe in 2009. In other words, this is not a re-prosecution of Donald Sharp for his alleged sexual abuse of Plaintiff Jane Doe. Instead, this action contemplates whether the School Board had actual notice of allegedly sexually harassing conduct by Donald Sharp in 2009 and, if so, whether it was deliberately indifferent to that knowledge.

To be clear, argument or evidence that Donald Sharp pled guilty to charges almost ten years after the subject timeframe only after Plaintiff Jane Doe disclosed her allegations for the first time, as well as argument or evidence regarding details of the alleged sexual abuse which were not reported during the subject timeframe, are wholly irrelevant to the issues before the Court, namely whether the School Board had any notice of such abuse or was deliberately indifference to notice of the same back in 2009. Indeed, it is undisputed that the only knowledge the School Board had to consider at that time was that Mr. Sharp would allow students to sit on his lap in the classroom and he would rub the back and thighs of some of those students, including Plaintiff Jane Doe. It is further undisputed that Plaintiff Jane Doe did not disclose the actual abuse that she alleges occurred until several years later. Certainly, to the extent Mr. Sharp may have sexually abused Plaintiff Jane Doe, the details of such abuse would have no bearing on these issues before the Court.

Even if this Court should find some relevance in this evidence, it should be inadmissible, as any probative value is certainly outweighed by the danger of unfair prejudice, will lead to confusion of the issues and mislead the Jury, and/or will needlessly waste the Court's and the Jury's time. Fed. R. Evid. 403. Certainly, to admit such argument or evidence would result in

---

[1] In fact, Plaintiffs even refer to Donald Sharp as the "Perpetrator" in their Rule 26(a) Disclosures that were served on September 5, 2017.

undue prejudice to the School Board as it would be highly inflammatory. Again, the issues before this Court and potentially the trier of fact are whether the School Board had "notice" based on the information it had during the subject timeframe and, if so, whether it was deliberately indifferent to that notice. Because the School Board did not know the allegations that Plaintiff Jane Doe has since shared and Donald Sharp certainly had not pled guilty to any such allegations at that time, it would be highly prejudicial for the jury to consider these matters.

> II. **Plaintiffs should be precluded from offering arguments, evidence, or opinions regarding the "Me Too" movement, the current political and media culture regarding sexual harassment and assault, and/or key players associated with these topics.**

At issue in this case is whether the facts known to the School Board during the subject timeframe were sufficient to put the School Board on notice that Donald Sharp was sexually harassing or abusing his students. It is crucial that the facts be considered as they were during that time.

Thus, it would improper to allow any argument or testimony regarding today's #MeToo movement and the current culture surrounding the issues of sexual harassment and assault, or references to noteworthy and identifiable persons associated with this movement and culture. With the exorbitant media coverage of these sorts of issues, particularly involving high-stakes individuals, this will undoubtedly already be at the forefront of the jurors' minds. It would be highly prejudicial to allow Plaintiffs to further capitalize off of today's culture when the jury should be considering the culture as it was back then and the facts known at that time when considered in light of that culture. Any comparison to today's movements would result in incurable prejudice which would undoubtedly outweigh any minimal relevance or probative value it may offer. Thus, such argument, evidence, or opinions should be precluded. *See* Fed. R. Evid. 403.

**Local Rule 3.01(g) Certification**

I certify that on October 1, 2018, undersigned counsel attempted to confer with counsel for Plaintiffs by telephone and e-mail, but was unable to get in touch with counsel. The undersigned is filing this Motion prior to conferring to satisfy the Court imposed deadline, but will make diligent efforts to confer with opposing counsel regarding the relief sought herein and will file a notice with the Court as soon as possible indicating Plaintiffs' position.

**WHEREFORE**, Defendant ORANGE COUNTY SCHOOL BOARD requests this Court to enter an Order on granting this Motion in Limine, prohibiting arguments or evidence regarding the topics addressed herein, and for all such other relief as the Court deems just and proper.

**I HEREBY CERTIFY** that on October 1, 2018, a true and accurate copy of the foregoing was served via electronic mail to: Jeffrey M. Herman, Esq., jherman@hermanlaw.com, and Krisel McSweeney, Esq., KMcSweeney@hermanlaw.com; Herman Law, 3351 NW Boca Raton Blvd., Boca Raton, FL 33431.

*/s/ Jenna M. Winchester*
GAIL C. BRADFORD, ESQ.
Florida Bar No. 0295980
JENNA M. WINCHESTER, ESQ.
Florida Bar No. 0114280
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Telephone:  407-422-4310 | Fax:  407-648-0233
gbradford@drml-law.com
jwinchester@drml-law.com
Attorneys for Defendant